Filed 8/30/21  P. v. Sandoval CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B307142 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA033403) |
| v. | |
| JOSE SANDOVAL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael Terrell, Judge.  Affirmed.

Marilyn G. Burkhardt, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 1998, defendant and appellant Jose Sandoval participated in a gang shooting in which a purported rival gang member was shot and killed and a police officer was shot and injured.[1] A jury found Sandoval guilty of first degree murder (Pen. Code, § 187 [count 1]),[2] attempted murder (§§ 187, subd. (a)/664 [count 2] ), and unlawful driving or taking of a vehicle (Veh. Code, § 10851 [count 3] ). With respect to counts 1 and 2, the jury found true the allegations that a principal intentionally discharged a firearm within the meaning of section 12022.53, subdivisions (d) and (e)(1), and that crimes were committed for the benefit of, at the direction of, or in association with a criminal street gang with the specific intent to promote, further and assist in criminal conduct by gang members in violation of section 186.22, subdivision (b)(1).

Sandoval was sentenced to 25 years to life in prison in count 1, plus 25 years to life for the firearm allegation. In count 2, Sandoval was sentenced to 9 years in prison, plus 25 years to life for the firearm allegation. In count 3, the trial court imposed a concurrent term of three years.

Sandoval timely appealed. This court affirmed the trial court's judgment.

On January 1, 2019, Senate Bill No. 1437, which created a procedure by which a person convicted of murder "who did not act

---

[1] The facts with respect to the underlying offenses are taken from this court's opinion in *People v. Sandoval* (Apr. 8, 2002, B147718) [nonpub. opn.]. The opinion was included in the People's response to Sandoval's petition for resentencing.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

with implied or express malice" may seek relief from liability if the person is "not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life" became effective. (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723 (*Martinez*); Stats. 2018, ch. 1015, § 1, subds. (f), (g).) Senate Bill 1437 also added section 1170.95, which permits persons convicted of murder under a felony murder or natural and probable consequences theory to petition in the sentencing court for an order vacating their convictions and allowing defendant to be resentenced. (Stats. 2018, ch. 1015, § 4; *Martinez, supra*, 31 Cal.App.5th at p. 723.)

On January 7, 2019, Sandoval filed a facially sufficient petition for resentencing under section 1170.95. Sandoval requested, and was appointed counsel, who filed a supplemental memorandum of points and authorities in support of his petition in response to the prosecutor's opposition, and represented him at a hearing on the petition. The trial court denied Sandoval's petition, finding that he failed to meet his burden of making a prima facie showing of eligibility because he failed to establish that he was prosecuted under either a felony murder or natural and probable consequences theory of liability, and failed to show that he could not be convicted of murder under the current laws.

Sandoval appealed, and his appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, raising no issues. On June 14, 2021, we notified Sandoval of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered. That time has elapsed, and Sandoval has submitted no brief or letter.

We conclude that the trial court did not err in denying the petition. Sandoval's record of conviction shows that he was prosecuted as a direct aider and abettor, and not under a felony murder theory or the natural and probable consequences doctrine. Accordingly, he cannot make a prima facie showing he is entitled to relief under section 1170.95. We have independently reviewed the entire record and are satisfied that Sandoval's attorney has fully complied with her responsibilities and that no other arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 278–279; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

## DISPOSITION

The trial court's order denying Sandoval's section 1170.95 petition for resentencing is affirmed.

MOOR, J.

We concur:

BAKER, Acting P.J.

KIM, J.

4